684 So.2d 1084 (1996)
Mark POWELL, Plaintiff-Appellant,
v.
Sandi POWELL, Defendant-Appellee.
No. 28911-CA.
Court of Appeal of Louisiana, Second Circuit.
December 11, 1996.
*1085 Mark Foster, Minden, for Plaintiff-Appellant.
James M. Johnson, Minden, for Defendant-Appellee.
Before WILLIAMS, GASKINS and CARAWAY, JJ.
WILLIAMS, Judge.
In this child custody action, Mark Powell appeals a trial court judgment designating his former wife, Sandi Powell Ingram, as the domiciliary parent of their two minor children. For the following reasons, we affirm.

FACTS
The parties, Mark Powell and Sandi Powell, were married on October 22, 1983 and established their matrimonial domicile in Minden, Louisiana. Two children were born of the marriage, Jennifer Powell on July 10, 1984, and Adam Powell on January 30, 1986. The couple separated on November 13, 1993, when Mrs. Powell left the family home. The children remained with Mr. Powell. Shortly thereafter, he filed a petition for divorce, which included a request for a permanent joint custody award designating him as the domiciliary parent. In February 1994, following a contested custody hearing, the trial court awarded joint custody to the parties and designated Mr. Powell as the domiciliary parent. Mrs. Powell received weekend visitation with the children.
In October 1994, Mrs. Powell filed an answer and reconventional demand requesting a divorce and seeking to be designated as the domiciliary parent of the children. The matter was randomly assigned to one of the judges of the Twenty-Sixth Judicial District Court. Mr. Powell filed a motion seeking to reassign the matter to the judge who made the original determination of custody. However, the parties reached an agreement before the trial court ruled on the request. In accordance with the stipulation of the parties, the trial court rendered judgment granting a divorce, ordering that Mr. Powell remain the domiciliary parent of the children and awarding Mrs. Powell more specific visitation periods.
In August 1995, Mrs. Powell filed a "Petition for Rule Nisi to Change Custody of Minor Children and for Child Support." In the petition, she alleged that Mr. Powell's conduct of leaving the children alone, engaging in adulterous relationships, and consuming alcoholic beverages excessively was detrimental to the children and warranted a change in custody. Mrs. Powell also claimed that Mr. Powell had denied her visitation rights. Three days after this petition was filed, Mrs. Powell married Bobby Ingram, Jr., with whom she had been living since October 1994.
The trial court conducted a hearing wherein the parties presented conflicting testimony about circumstances surrounding their care for the children and whether Mr. Powell had restricted Mrs. Powell's visitation rights. At the conclusion of the hearing, the trial court found that Mrs. Powell had met her burden of proving that a modification of custody was *1086 justified. The trial court maintained the prior award of joint custody, but designated Mrs. Powell as the domiciliary parent and awarded Mr. Powell visitation privileges on alternating weekends and holidays and a total of four weeks during the summer. Mr. Powell appeals.

DISCUSSION

Failure to Reassign Custody Matter
Mr. Powell contends that the trial judge erred in refusing to reassign this custody modification matter to the same judge who rendered the original custody decree. Mr. Powell argues that because this action sought to modify a judicially ordered custodial arrangement, the presiding judge should be the same judge who presided over the prior custody hearing.
However, Mr. Powell does not cite any statutory or jurisprudential authority in support of his argument that the same judge who originally awarded custody is required to decide subsequent attempts to modify the award. We also note that after the trial judge refused to reassign the case, the hearing in the matter proceeded without further objection. We find this scenario akin to that of a litigant who fails to immediately appeal or seek supervisory writs from the trial court's disposition of a request for jury trial. In such situations, absent compelling circumstances, the litigant will be deemed to have waived the right to appeal that issue after a trial on the merits. See Eddy v. Litton, 586 So.2d 670 (La.App. 2d Cir.1991), writ denied, 590 So.2d 1203 (La.1992).
Likewise, in the interest of judicial economy and fairness, we cannot allow Mr. Powell to abide by the trial court's ruling, try the case before that particular trial judge and then, after an adverse judgment, complain that the case should have been tried before a different judge. If Mr. Powell wished to complain to this court about the trial court's refusal to reassign the case, he should have done so prior to the hearing. Eddy v. Litton, supra. Therefore, we conclude that Mr. Powell has effectively waived his right to complain. The assigned error lacks merit.

Modification of Custody
In Mr. Powell's two remaining assignments of error, he contends the trial court erred in finding that Mrs. Powell had met her heavy burden of proving sufficient circumstances to justify a modification of the custody decree. Mr. Powell argues that he provided a stable home for the children and that they should not have been removed from his care.
The primary consideration in making a child custody determination is always the best interest of the child. LSA-C.C. Art. 131; McKinley v. McKinley, 25,365 (La. App.2d Cir. 1/19/94), 631 So.2d 45. When determining the best interest of a child in custody cases, there must be a weighing and balancing of factors favoring or opposing custody in respective competing parents on the basis of the evidence presented in each particular case. McKinley v. McKinley, supra; Cooper v. Cooper, 579 So.2d 1159 (La.App. 2d Cir.1991).
When a trial court has made a considered decree of permanent custody, the petitioning party bears a heavy burden of proving that the continuation of the present custody is so deleterious to the child as to justify a modification of the custody, or of proving by clear and convincing evidence that any harm likely to be caused by a change of environment is substantially outweighed by the advantages to the child. Bergeron v. Bergeron, 492 So.2d 1193 (La. 1986); Evans v. Terrell, 27,615 (La.App.2d Cir. 12/6/95), 665 So.2d 648. A considered decree is one for which evidence as to parental fitness to exercise custody is received by the court. Oglesby v. Oglesby, 25,974 (La. App.2d Cir. 8/17/94), 641 So.2d 1027.
A trial court's determination of child custody is entitled to great weight and will not be disturbed on appeal absent a clear abuse of discretion. Barnes v. Cason, 25,808 (La.App.2d Cir. 5/4/94), 637 So.2d 607, writ denied, 94-1325 (La.9/2/94), 643 So.2d 149; Wyatt v. White, 626 So.2d 816 (La.App. 2d Cir.1993). An appellate court should be reluctant to interfere with custody plans ordered by the trial court in the exercise of its discretion. McKinley v. McKinley, supra.
*1087 In the present case, the parties stipulated that the original custody award designating Mr. Powell as the domiciliary parent was a considered decree and that the Bergeron standard is applicable. The trial judge's oral reasons for judgment indicate an understanding and correct application of the Bergeron standard. He considered the past behavior and recent conduct of the parents in evaluating the need for a custody modification. The trial judge noted several incidents that raised concerns about the children's welfare under the prior custody arrangement.
On the night of August 20, 1995, Mr. Powell left Jennifer and her friend at home by themselves following a severe thunderstorm. Jennifer became frightened and attempted to telephone Mr. Powell, who was next door at the home of his girlfriend. When no one answered the telephone, Jennifer was later able to contact Mrs. Powell, who in turn called the Minden Police Department. The responding officer testified that he found Jennifer crying and upset. The officer then went next door and after knocking repeatedly, told Mr. Powell that he needed to go home to his daughter.
There was also evidence that Mr. Powell consumed alcoholic beverages in the presence of the children and while driving with them. Mrs. Powell testified that on several occasions, when picking up the children for weekend visitation, she observed Mr. Powell drinking a beer. She also described one incident in which Mr. Powell had a beer with him when he left her home with the children in his vehicle. Her testimony was corroborated by her present husband. Further, Mr. Powell admitted that on one occasion he was drinking a beer while driving home with the children. The trial court could reasonably have found that these incidents had a detrimental impact on the children.
Another important factor for the trial court was Mr. Powell's extended absences from home as a result of his work schedule. At the hearing in September 1995, Mr. Powell testified that he was working at a job site in Vicksburg, Mississippi, during the week from Monday until Thursday evening. Mr. Powell stated that the children stayed with his parents, who also resided in Minden, while he was away in Vicksburg. He would take the children to his parents' house either on Sunday night or Monday morning at 4:00 a.m. when he left town. Mr. Powell indicated that he and the children had been following such a schedule since June 1995. Because he was away from home during the week, Powell stated that his mother "took charge" of any school-related matters involving the children.
Mr. Powell also testified that due to the distance of his next job site in Chopin, Louisiana, he would not arrive home until approximately 6:30 p.m. each evening. Mr. Powell acknowledged that the children would have to stay with his parents after they finished school for the day until he returned to Minden.
In contrast, Mrs. Powell testified that she had married her prior live-in boyfriend and they had moved to a rented house in Metairie. Mrs. Powell stated that she had obtained a job as a hairstylist which would allow her to be at home when the children returned from school. Also, she indicated that her husband would be working at home as a watch repairman. Ingram testified that he had a good relationship with the children and would help his wife in caring for them.
Each child spoke privately with the trial judge at the hearing. Jennifer, who indicated she was unhappy at her school in Minden, stated that she wanted to live with her mother. She testified that Mr. Powell had several girlfriends who sometimes stayed overnight and whom she did not like. Jennifer informed the court that she had observed her father "do it with a girl," which the trial judge considered an obvious reference to sex. Adam testified that he wanted to live with his mother because his father worked all the time and was never home. He also stated that his father had girlfriends who had sometimes stayed overnight.
While Mrs. Powell also admitted to less than exemplary conduct, including allowing Ingram to stay overnight prior to their marriage while she had the children for visitation, she demonstrated to the trial court that her recent actions enabled her to provide the children with a stable environment. The record *1088 contains a factual basis for the trial court's finding that Mrs. Powell was in a better position, at the time, to devote more consistent attention to the children, including being at home with them during the week to supervise their day-to-day activity. Her current spouse expressed a willingness to assist her in caring for the children.
Mr. Powell correctly claims that in the three years that he has been the children's domiciliary parent, they have done well in school, maintained friends in their neighborhood, and participated in church activities. However, upon examination of the record, we cannot say that the trial court erred in finding that Mrs. Powell met her burden of showing that any harm to the children in uprooting them from their present environment would be substantially outweighed by the advantages resulting from the change. The evidence at the hearing showed that the father's work schedule would not permit him to consistently be at home with the children, resulting in the exercise of de facto custody by the paternal grandparents. Considering these factors, we cannot say the trial court abused its discretion in modifying the custody arrangement. The assignments of error lack merit.

CONCLUSION
For the foregoing reasons, we affirm the trial court's judgment modifying the original award of joint custody by designating the appellee, Sandi Powell Ingram, as the domiciliary parent of the minor children. Costs of this appeal are assessed to the appellant, Mark Powell.
AFFIRMED.