705 So.2d 802 (1998)
Barry Wayne STEWART, Plaintiff-Appellee,
v.
Alleisha Ashley STEWART, Defendant-Appellant.
No. 30161-CA.
Court of Appeal of Louisiana, Second Circuit.
January 21, 1998.
Rehearing Denied February 19, 1998.
*803 T.J. Adkins, Ruston, for Defendant-Appellant.
James E. Beal, Jonesboro, for Plaintiff-Appellee.
Before MARVIN, C.J., and HIGHTOWER and WILLIAMS, JJ.
WILLIAMS, Judge.
The defendant, Alleisha Stewart, appeals a judgment modifying an existing joint custody plan and designating the plaintiff, Barry Stewart, as the domiciliary parent of their minor child, Chase Stewart. The trial court awarded joint custody to the parties, with each parent having physical custody of the child for six months of the year. For the following reasons, we affirm.

FACTS
The defendant, Alleisha Stewart, and the plaintiff, Barry Stewart, were married in May 1989, and established their matrimonial *804 domicile in Jackson Parish, Louisiana. One child, Chase Wayne Stewart, was born of the marriage on August 19, 1990. The plaintiff filed a petition for divorce in April 1992, and the parties were divorced by a judgment rendered on December 7, 1992. Following the divorce, the defendant subsequently remarried, gave birth to another child and was divorced a second time. Plaintiff also remarried and resides with his wife, three minor children and Chase.
The parties' joint custody agreement originally designated defendant as the domiciliary parent of the minor child during the school year. In September 1995, the parties by joint petition amended their custody agreement, and designated the plaintiff as domiciliary parent of the child during the school year. In March 1996, by joint petition, the parties again amended the custody agreement and designated the defendant as the primary domiciliary parent for the school year.
Five months later, in August 1996, the child's maternal grandmother, Judy Ashley, refused to allow plaintiff to take the child for his scheduled visitation. Plaintiff filed a contempt rule against the defendant and the maternal grandmother. Defendant answered and filed counter rules to increase child support and to establish a visitation schedule. Plaintiff then filed a rule to modify custody, requesting that he be named domiciliary parent.
After a hearing, the trial court increased the child support award from $100 to $309 per month and took the custody matter under advisement. Subsequently, the trial court rendered judgment designating plaintiff as domiciliary parent and assigning physical custody of the child to each parent on a "six month-six month" basis. The trial judge found that this arrangement was possible because the proximity of the parties' residences would allow the child to attend the same school while staying with either parent. The trial court established a visitation schedule and prohibited both parties from smoking inside their homes.
Defendant filed a motion for new trial, contending the trial court made a factual error in finding that the child would not be required to change schools, and that new information was discovered about the child's exposure to hepatitis. The district court denied defendant's motion for new trial. Defendant appeals.

DISCUSSION
In two assignments of error, the defendant, Alleisha Stewart, contends the trial court erred in awarding each parent equal periods of physical custody and in designating the plaintiff, Barry Stewart, as the domiciliary parent of their minor child. Defendant argues that her former husband failed to establish a sufficient change in circumstances to support a modification of custody.
In a custody case, where evidence of the parental fitness to exercise custody is not adduced in the district court, the joint custody order is not a considered decree. Bergeron v. Bergeron, 492 So.2d 1193 (La. 1986); Warlick v. Warlick, 27,389 (La.App.2d Cir. 9/29/95), 661 So.2d 706. Where a considered decree has not been rendered, the party seeking to modify the custody arrangement is required to prove that a change of circumstances materially affecting the welfare of the child has occurred since the original custody decree and that the proposed modification is in the best interest of the child. Bergeron v. Bergeron, supra; Hargrove v. Hargrove, 29,590 (La.App.2d Cir. 5/9/97), 694 So.2d 645.
In the present case, the parties' prior joint custody agreement was not a considered decree within the meaning of Bergeron. Thus, it is necessary to consider whether the record contains evidence of changed circumstances materially affecting the welfare of the child.
In August 1996, the child was prevented from seeing the plaintiff for a scheduled visitation period under the prior custody order. At the custody hearing and in her brief, defendant stated that she had not allowed the child to see his father because of her fear that the child could be exposed to hepatitis. However, the defendant acknowledged that she had not previously mentioned her concern for the child's health as the *805 reason for preventing the father's visitation. In addition, the defendant testified that due to financial difficulty, she recently had moved from an apartment into her parents' home, where she shared a bedroom with Chase and with her daughter from a second marriage.
Based on this record, the trial court could have reasonably found that the defendant's disruption of plaintiff's visitation with the child and her unsettled living arrangements constitute a change in circumstances materially affecting the child's welfare. The defendant's argument lacks merit.
Best Interest of the Child
The defendant contends the trial court erred in awarding the parties equal physical custody of the child. Defendant argues that the custody modification is not in the child's best interest.
The paramount consideration in a change of custody contest is always the best interest of the child. LSA-C.C. Art. 131; Evans v. Terrell, 27,615 (La.App.2d Cir. 12/6/95), 665 So.2d 648, writ denied, 96-0387 (La.5/3/96), 672 So.2d 695. In determining the child's best interest, there must be a weighing and balancing of factors favoring or opposing custody in respective competing parents on the basis of the evidence presented. LSA-C.C. Art. 134; Evans v. Terrell, supra; Hargrove v. Hargrove, supra.
A trial court's determination of child custody is entitled to great weight and will not be disturbed on appeal absent a clear abuse of discretion. Powell v. Powell, 28,911 (La.App.2d Cir. 12/11/96), 684 So.2d 1084. An appellate court should be reluctant to interfere with custody plans ordered by the trial court in the exercise of its discretion. Powell v. Powell, supra.
In the present case, the trial court heard testimony concerning the living conditions and family relationships of the respective parents. The defendant testified that when she was the domiciliary parent and living in an apartment, her evening work hours required her son to stay with his maternal grandparents several days each week and during various weekends. The plaintiff testified that he worked from 3:00 p.m. to 11:00 p.m. and that his wife worked from 10:00 p.m. to 6:00 a.m. Plaintiff stated that between the time his wife left for work and he returned home, his adult brother watched the children and the house. The children were in bed at this time. Plaintiff testified that at his house, Chase had his own bedroom.
The defendant contends the trial court incorrectly concluded that the split custody arrangement would allow the child to remain in the same school. Her contention is based on the fact that Chase was attending Hawk Elementary School in Jonesboro, Louisiana, at the time of the custody hearing and was required to change schools in mid-year to attend school in Weston, Louisiana.
Defendant cites Waits v. Waits, 556 So.2d 215 (La.App. 2d Cir.1990), in support of her argument that splitting the school year is not in the child's best interest. In Waits, supra, a parent moved to another city, and the court found that retention of the shared custody plan was against the child's best interest because it would require splitting the school year. The situation in Waits can be distinguished from that of the present case.
Here, although the child was initially required to transfer back to the Weston school, implementation of the equal physical custody plan will not prevent stable school attendance. Evidence in the record indicates that Jackson Parish regulations require the child to attend school in the district where the primary domiciliary parent resides. Thus, under the modification, the trial court's designation of plaintiff as the primary domiciliary parent will allow the child to continue to attend school in Weston even during those periods when he is residing with defendant.
The defendant urges that the modification of custody is not in the child's best interest because he will be exposed to hepatitis and cigarette smoke. Plaintiff testified that his brother had contracted Hepatitis C, which may be transmitted through an exchange of blood or bodily fluids, but not through casual contact. Although hepatitis is a serious illness, the record does not contain evidence of physical contact occurring between plaintiff's brother and the minor child that could create a risk of transmission.
*806 The plaintiff smokes cigarettes. However, the trial court's custody order prohibits both parents from smoking tobacco products and from allowing others to smoke in their residences during periods of custody. These contentions lack merit.
The trial court heard testimony concerning relevant factors in determining the child's best interest, including the educational performance of the child, the stability of the parties' home environments and the proximity of their respective residences. The trial court was able to weigh whether these factors favored or opposed the exercise of custody by the respective parents. After reviewing the record, we cannot say the trial court clearly abused its discretion in modifying the existing custody arrangement by awarding the parents equal physical custody of the minor child. The assignments of error lack merit.
New Trial Motion
Defendant contends the trial court erred in denying her motion for new trial. She argues that a new trial is required because the judgment is based on a mistaken finding that the child would not need to change schools, and on the basis of newly discovered evidence. Pursuant to LSA-C.C.P. art.1972, a new trial shall be granted when the judgment is clearly contrary to the law and evidence, or when a party has discovered, since the trial, evidence which he could not have obtained with due diligence before or during the trial.
The defendant testified that the parties previously had agreed to designate plaintiff as the domiciliary parent so that the child could attend school in Weston. Other testimony indicates that when the parties later agreed to designate defendant as domiciliary parent, Chase could not attend school in Weston and was enrolled in the Jonesboro school. This testimony suggests that Jackson Parish requires children to attend school in the district where the domiciliary parent resides.
The trial court heard the foregoing testimony and was aware that its designation of the father as domiciliary parent would require the child to attend school in Weston. In its written reasons for judgment, the trial court stated that in this situation, with the close proximity of the parties, equal physical custody was possible because with the father as domiciliary parent, the child could remain at the Weston school even when residing with the mother. As we noted previously, this finding is supported by the record. The defendant's argument lacks merit.
Defendant also contends that a new trial should be granted because she was not aware of the true nature of the illness of plaintiff's brother prior to the custody hearing. LSA-C.C.P. art.1972(2) addresses evidence discovered "since the trial." The fact that plaintiff's brother had contracted Hepatitis C was adduced during the custody proceeding. Thus, the defendant may not rely on Article 1972(2) as grounds for a new trial. After reviewing the record, we conclude that the trial court did not abuse its discretion in denying defendant's motion for new trial. This assignment of error lacks merit.

CONCLUSION
For the foregoing reasons, the trial court's judgment modifying the child custody arrangement is affirmed. Costs of this appeal are assessed to the appellant, Alleisha Ashley Stewart.
AFFIRMED.
APPLICATION FOR REHEARING
Before MARVIN, C.J., and NORRIS, HIGHTOWER, WILLIAMS and GASKINS, JJ.
Rehearing denied.