714 So.2d 914 (1998)
Gary V. EVANS, Plaintiff-Appellee,
v.
Mary DeVaughn Terrell LITES, Defendant-Appellant.
No. 30632-CA.
Court of Appeal of Louisiana, Second Circuit.
June 24, 1998.
Rehearing Denied August 13, 1998.
*915 J.Q. Davis, Coushatta, for Defendant-Appellant.
Wiener, Weiss & Madison by Katherine Clark Hennessey, Shreveport, Richard Zemry Johnson, Jr., Mansfield, for Plaintiff-Appellee.
Before WILLIAMS, STEWART and PEATROSS, JJ.
PEATROSS, Judge.
In this child custody action, Mary DeVaughn Terrell Lites ("Lites") appeals a judgment which awarded sole custody of her minor son to his father Gary Evans ("Evans") and allowed visitation by Lites. Evans answers the appeal, urging that the trial court erred in failing to find Lites abused the child. For the following reasons, we affirm in part, vacate in part, and render.

FACTS
Timothy Tyler Evans ("Tyler") was born to Evans and Lites on August 10, 1990. In a 1993 proceeding, a consent decree was entered awarding joint custody of Tyler to the parties. In 1994, Evans filed a petition for sole custody of Tyler, alleging that Lites abused Tyler. Several interim judgments were issued. After a trial on the merits, the trial court issued a November 1994 judgment which was the subject of the appeal in Evans v. Terrell, 27,615 (La.App.2d Cir. 12/6/95), 665 So.2d 648, writ denied, 96-0387 (La.5/3/96), 672 So.2d 695.
*916 In Evans v. Terrell, supra, this court reversed a grant of physical custody to Tyler's maternal grandparents and amended the judgment to specifically award sole temporary custody of Tyler to Evans, with reduced supervised visitation by Lites. This court remanded the action to the trial court with instructions that a hearing be held in which the trial court should make specific findings of fact to determine whether Tyler had been abused, and if so, by whom. The trial court was further instructed to award joint or sole custody, depending on its findings regarding any abuse and in accordance with the law and the best interest of Tyler.
After a six-day trial, the trial court rendered judgment on July 21, 1997. In his written reasons for judgment, the trial judge stated that he found the evidence "supporting the alleged abuse of Timothy Tyler Evans insufficient to carry the Plaintiff's burden of proof." The trial court awarded sole custody to Evans with one day per week unsupervised visitation by Lites and ordered Lites to undergo a three-month course of counseling with Jeanne Ewing, BCSW, ACSW. The judgment further ordered that at expiration of the three-month period and, in light of a favorable report by Ewing, Lites would be allowed reasonable visitation with Tyler every other weekend, six weeks during the summer, and alternate major holidays.
Lites appeals and Evans answers, each asserting four assignments of error.

DISCUSSION

Abuse
We first address Evans' assignment of error that the trial court erred in failing to find sufficient the evidence regarding the alleged abuse of Tyler. Evans argues that the evidence shows Lites whipped Tyler hard enough to cause a bruise and deliberately burned Tyler's hand with an iron. Evans cites as support the testimony of Dr. Edward Gustavson, an expert in pediatrics and child abuse, who testified that a burn on Tyler's hand was intentionally inflicted. Evans also stresses the testimony of Dr. Thomas Moss, an expert in physics and accident reconstruction, who testified that Lites' explanation of the accidental nature of the burn was implausible.
In response, Lites contends that the trial court correctly found insufficient the evidence regarding her alleged abuse of Tyler. She stresses that Dr. Gustavson did not inspect the iron or the area in which the burn occurred, but merely reviewed photographs and videos. Lites emphasizes the testimony of Dr. Harvey Carter, an expert in pediatrics and Tyler's treating pediatrician at the time of the burn. Dr. Carter, who actually examined the wound shortly after the burn occurred, stated that he believed the burn to be accidental and did not suspect abuse. Lites further stresses the testimony of Dr. Terry Welke, a forensic pathologist, who testified that the burn could have been an accidental injury. Additionally, Lites relies on the testimony of Dr. Millard Bienvenu, an expert in counseling and child abuse, who testified that he believed Lites was not an abusive parent and that Tyler's development did not suggest an abusive history.
A court of appeal may not set aside a trial court's finding of fact in the absence of manifest error or unless it is clearly wrong. Where there is conflict in the testimony, reasonable evaluations of credibility and reasonable inferences of fact should not be disturbed, even though the appellate court may feel that its own evaluations and inferences are as reasonable as those of the lower court. When findings of fact are based on determinations regarding the credibility of witnesses, the manifest error/clearly wrong standard demands great deference to the trier of fact's findings. Only the factfinder can be aware of the variations in demeanor and tone of voice that bear so heavily on the listener's understanding and belief in that which is said. Rosell v. ESCO, 549 So.2d 840 (La.1989); Freeman v. Rew, 557 So.2d 748 (La.App. 2d Cir.1990), writ denied, 563 So.2d 1154 (La.1990).
In his written reasons, the trial judge stated that the burn incident and a "whipping" incident caused him concern in determining whether Tyler had been abused. The trial judge noted that compelling testimony was given by Dr. Gustavson that the burn on Tyler's hand was intentionally inflicted. The *917 trial judge further stated, however, that he found credible the testimony of Lites' daughter Angel, who stated that she and Lites were together in another room when Tyler's hand was injured. Regarding the "whipping" administered by Lites, the trial judge noted that Dr. Bienvenu testified that he did not believe the incident constituted abuse. The trial judge found, therefore, that although the incidents gave "cause for great concern," the evidence was insufficient to establish abuse.
A trial court may evaluate expert testimony by the same principles that apply to other witnesses and has great discretion to accept or reject medical or lay opinion. The weight to be accorded to testimony of experts depends largely on their qualifications and the facts on which they base their opinions. Morris v. Allstate Ins. Co., 25,148 (La. App. 2d Cir. 2/23/94), 632 So.2d 1209, writ denied, 94-1044 (La.6/17/94), 638 So.2d 1099; Durkee v. City of Shreveport, 587 So.2d 722 (La.App. 2d Cir.1991), writ denied, 590 So.2d 68 (La.1991). Weighing the medical and lay testimony presented, the trial court could reasonably have found the burn to be accidental and the evidence insufficient to support a finding of abuse. This court will not disturb reasonable evaluations of credibility and reasonable inferences of fact. Rosell, supra; Freeman, supra. This assignment of error is without merit.[1]

Custody
In two assignments of error, Lites contends the trial court erred in granting sole custody of Tyler to Evans. Lites argues that Evans failed to establish a sufficient change in circumstances to support a modification of custody.
When a trial court has made a considered decree of permanent custody, the party seeking a change bears a heavy burden of proving that the continuation of the present custody arrangement is so deleterious to the child as to justify a modification of the custody, or by proving by clear and convincing evidence that any harm likely to be caused by a change in environment is substantially outweighed by the advantages to the child. Bergeron v. Bergeron, 492 So.2d 1193 (La.1986); Evans, supra. Where evidence of the parental fitness to exercise custody is not adduced in the district court, a joint custody order is not a considered decree. Stewart v. Stewart, 30,161 (La.App. 2d Cir. 1/21/98), 705 So.2d 802.
If no considered decree has been rendered, the party seeking to modify the custody arrangement is required to prove that a change of circumstances materially affecting the welfare of the child has occurred since the original custody decree and that the proposed modification is in the best interest of the child. Stewart, supra; Evans, supra.
As stated in Evans, supra, the 1993 Caddo Parish judgment awarding joint custody of Tyler was not a considered decree within the meaning of Bergeron. The 1994 trial court judgment and 1995 award by this court in Evans, supra, were temporary, rather than permanent, decrees of custody. Thus, no considered decree of permanent custody has been rendered in this action. The applicable standard, therefore, required Evans to prove a change in circumstances materially affecting the welfare of Tyler and that the modification sought is in the best interest of Tyler.
Lites argues that the trial judge erred in awarding sole custody to Evans. She contends that the testimony shows she is a good mother who provides a wholesome environment for Tyler. In support of her assertion, she cites the testimony of Dr. Elizabeth Maniscalco, an expert in child abuse and counseling, who testified that she believed Tyler is well-bonded with Lites and could make the transition to spending more time with Lites with minimal problems. Lites also stresses Dr. Bienvenu's testimony that Tyler has a strong attachment to Lites, who is psychologically healthy and has a stable home environment. Dr. Bienvenu further stated that there was no reason why Evans and Lites should not be granted joint custody.
*918 Lites further urges that Evans and his household have considerable problems. She argues that Evans deceived his wife Patsy regarding his five-year extramarital relationship with Lites. She also contends that Patsy has behaved inappropriately with Tyler and that Tyler has reported he was inappropriately touched by one of the older Evans children.
Evans counters that the record shows the award of sole custody to him serves Tyler's best interest. He urges that the evidence shows that Tyler, who has lived with the Evans family since 1994, has developed warm emotional ties with the household. He stresses that Tyler's school performance has improved while supervised by the Evans and that they can provide Tyler the stability he needs.
In addition to the allegations of abuse previously discussed, Evans maintains that Lites was neglectful in her supervision of Tyler. He asserts that when Tyler was two years of age, Lites left him unsupervised in a shopping cart, from which he fell and suffered a head injury. He further urges that the burn incident, even if not viewed as intentional, demonstrates neglect on the part of Lites. Similarly, Evans argues that the whipping incident illustrates Lites to be incapable of the self-control required in the care of a child. Evans contends that the evidence shows Lites to be unable to ensure Tyler's safety and well-being.
In the written reasons, the trial judge stated that since the inception of this litigation, Tyler had spent the majority of his time in the Evans' home. During this time, the trial judge noted, Tyler's grades had improved and he had formed emotional ties to the other Evans children and to Patsy Evans. The trial judge concluded:
The foregoing circumstances along with the other factors enumerated above (La. C.C. art. 134 factors) and this Court's concerns of Tyler's health and safety, this Court feels by the clear and convincing evidence presented that it is in [sic] child's best interest that Gary V. Evans shall be awarded sole care and custody of Timothy Tyler Evans. (Parenthetical information added.)
The primary consideration in making a child custody determination is always the best interest of the child. Powell v. Powell, 28,911 (La.App. 2d Cir. 12/11/96), 684 So.2d 1084; McKinley v. McKinley, 25,365 (La.App. 2d Cir. 1/19/94), 631 So.2d 45. When determining the best interest of a child in custody cases, there must be a weighing and balancing of factors favoring or opposing custody in respective competing parents on the basis of the evidence presented in each particular case. Powell, supra; McKinley, supra.
A trial court's determination of child custody is entitled to great weight and will not be disturbed on appeal absent a clear abuse of discretion. Powell, supra. An appellate court should be reluctant to interfere with custody plans ordered by the trial court in the exercise of its discretion. Powell, supra; McKinley, supra.
In the instant case, the trial court's award of sole custody is not an abuse of discretion. For the reasons specified by the trial court and advanced in Evans' argument, we cannot say the trial court was manifestly erroneous in finding an award of sole custody to Evans to be in the best interest of Tyler. This assignment of error has no merit.

Visitation and Counseling
In two assignments of error, Lites asserts that the trial judge erred in failing to award her additional visitation and in ordering her to undergo therapy sessions with a board certified social worker before gaining more liberal visitation.
As stated above, the trial court judgment awarded Lites visitation with Tyler every Saturday from 8:00 a.m. to 7:00 p.m. The judgment further ordered Lites to attend bimonthly sessions with Jeanne Ewing, BCSW, ACSW, who was ordered to evaluate Lites and report to the trial court. Additionally, the judgment ordered that at the expiration of the three-month period and in light of a favorable report by Ewing, Lites would be awarded reasonable visitation with Tyler every other weekend, six weeks during the summer, and alternating major holidays.
*919 In the written reasons for judgment, the trial judge stated:
As stated earlier, the incidents that gave raise [sic] to the allegations of abuse give this Court concern as to the defendant's (Lites) ability to care for Tyler. This concern shaped this Court's opinion that it is in the child's best interest that Mary DeVaughn Terrell (Lites) undergo therapy by Jeanne Ewing ... for a period of three months. The purpose of these sessions with Ms. Ewing is to improve the defendant's parenting skills before this court grants the defendant the greater visitation rights as order [sic] by the Judgment of this Court. (Parenthetical information added.)
In visitation matters, as in custody, much discretion is vested in the trial judge, whose decision will not be disturbed absent abuse of discretion. Adkins v. Adkins, 29,088 (La.App. 2d Cir. 1/31/97), 687 So.2d 1109. Given the circumstances discussed above, we cannot say the trial court abused its discretion in its award of visitation. This assignment of error is without merit.
Lites also argues that the trial judge abused his discretion in ordering her to attend sessions with Ewing. Lites argues that Ewing is not the appropriate person to provide her parenting counseling. Lites urges that she has already undergone counseling with Dr. Maniscalco and that Ewing is biased.
In response, Evans argues that the record indicates Lites is in need of parenting counseling, which is necessary to assure the safety and welfare of Tyler.
We find no abuse of discretion in the trial court's order that Lites obtain parenting counseling. We find merit, however, in Lites' argument that, under the circumstances of this case, Ewing, who described herself as an advocate for the child, is not the appropriate party to provide individual counseling for Lites.
We, therefore, vacate the portion of the judgment requiring Lites to undergo counseling with Ewing. We order Lites to submit, within 15 days from the final rendition of the opinion of this court, to a three-month course of biweekly parenting counseling with a licensed professional counselor or board certified social worker. After three months of counseling, the counselor or social worker shall make a report to the trial court and the report shall be reviewed by the trial court within ten days of its receipt. At that time, unless the trial court finds the report to be unfavorable and not in the best interest of the child, Lites shall be automatically awarded the reasonable visitation set forth in the trial court judgment rendered on July 21, 1997.

CONCLUSION
For the above reasons, we affirm the trial court's award of sole custody and visitation. We amend the judgment, however, to vacate the requirement that Lites participate in counseling with Ewing. Lites is ordered to submit, within 15 days from the final rendition of the opinion of this court, to a three-month course of biweekly parenting counseling with a licensed professional counselor or board certified social worker. After three months of biweekly sessions, the counselor or social worker shall make a report to the trial court. The trial court shall review the report within ten days of its receipt. At that time, unless the trial court finds the report to be unfavorable and not in the best interest of the child, Lites shall be automatically awarded the reasonable visitation set forth in the trial court judgment rendered on July 21, 1997. Costs of this appeal are assessed two-thirds to Lites and one-third to Evans.
JUDGMENT AFFIRMED IN PART, VACATED IN PART AND RENDERED.

APPLICATION FOR REHEARING
Before WILLIAMS, STEWART, GASKINS, CARAWAY and PEATROSS, JJ.
Rehearing denied.
NOTES
[1] Given our resolution of Evans' first assignment of error, we do not address his remaining assignments of error regarding whether the trial court erred in failing to apply LSA-R.S. 9:341, 9:364 and 9:367, which set forth conditions and restrictions applicable following a finding of abuse.