NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

23-4


CASEDERALL DOCK, JR.

VERSUS

REASEAN PHYLICIA DERIGGS


**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF IBERIA, NO. 123642
HONORABLE CURTIS SIGUR, DISTRICT JUDGE

**********

GARY J. ORTEGO
JUDGE

**********

Court composed of D. Kent Savoie, Jonathan W. Perry, and Gary J. Ortego,
Judges.


AFFIRMED.

**George Robinson Knox**
**Attorney at Law**
**117 W. Convent St.**
**Lafayette, LA 70501**
**(337) 264-9083**
**COUNSEL FOR PLAINTIFF/APPELLEE:**
    **Casederall Dock, Jr.**

**Lucretia P. Pecantte**
**Attorney at Law**
**124 W. Washington St, Suite B**
**P. O. Box 9010**
**New Iberia, LA 70560**
**(337) 374-1202**
**COUNSEL FOR DEFENDANT/APPELLANT:**
    **Reasean Phylicia DeRiggs**

**ORTEGO, Judge.**

This is a domestic case that deals with whether the Appellant, Reasean DeRiggs (DeRiggs), was entitled to a determination by the trial court regarding a history of family violence under La.R.S. 9:364, which is the Post-Separation Family Violence Relief Act (PSFVRA). DeRiggs, the mother of two minor children, filed a rule to show cause requesting the trial court find such a history of family violence as to the children's natural father. After a hearing, the trial court denied DeRiggs' request, DeRiggs appeals. We affirm.

## FACTS AND PROCEDURAL HISTORY

DeRiggs and Casederall Dock, Jr. (Dock) are the parents of two minor children. The first child was born May 12, 2012. The second child was born April 12, 2013. The record reflects a long history of litigation and extensive pleadings filed between DeRiggs and Dock. We will focus on those filings relevant to the case before us.[1]

This litigation commenced on December 5, 2013, when Dock filed a Petition to establish paternity and custody. The Petition noted a November 2013 petition for protection of abuse that DeRiggs filed in another matter that had not yet been heard. On December 10, 2013, DeRiggs was granted a protective order against Dock.

Following years of litigation, on January 21, 2020, DeRiggs and Dock entered into a consent judgment regarding custody of their minor children, awarding the parties joint custody of their two children, with DeRiggs designated the domiciliary parent and "liberal visitations" to Dock.

---

[1] This is the second time this case has come before this court on appeal. Pleadings and other documents in the record prior to September 30, 2021, are contained in docket number 22-184.

On July 6, 2020, DeRiggs filed a *pro se* rule to modify custody. Therein, she cited PSFVRA but did not make any specific allegations. Again, on July 13, 2020, DeRiggs filed a similar *pro se* rule for modification of the January 2020 consent judgment seeking sole custody with supervised visitations to Dock. Included in DeRiggs' filings were allegations that Dock had a history of family violence as contemplated by PSFVRA, and she moved the trial court to "find a fact of history of family violence" pursuant to La.R.S. 9:364. In support thereof, DeRiggs alleged that a protective order granted her in 2013 was still in effect, and, as such, she should be exempted from Louisiana relocation laws pursuant to La.R.S. 9:344.2(D) and be allowed to relocate the children outside of Louisiana.

A hearing officer considered these matters and rendered a report on August 4, 2020. The hearing officer concluded that DeRiggs knew, or should have known, of the prior instances of abuse at issue in the prior protective order when she willingly entered into the consent judgment, and that DeRiggs admitted that there had not been any instances of domestic violence since the consent judgment; therefore, neither the protective order of 2013 nor the PSFVRA applied. DeRiggs, via counsel, filed objections to the hearing officer's recommendation, and then counsel withdrew.

A hearing before the trial judge was held on October 20, 2020, and DeRiggs appeared *pro se.* At the time of the hearing, the children were living with Dock, and DeRiggs was living in North Carolina. At the close of DeRiggs' arguments, Dock moved for an involuntary dismissal of DeRiggs' rule, which the trial court granted. A judgment was rendered November 24, 2020, denying both DeRiggs' motion to relocate the children, as well as her motion to modify custody based on an alleged history of violence as contemplated by the PSFVRA. The judgment further awarded Dock with temporary domiciliary custody of the children until December 31, 2020,

to allow DeRiggs time to move back to Louisiana. No appeal was taken from this judgment.

On February 12, 2021, DeRiggs filed a motion seeking to annul the November 2020 judgment, as well as the relocation provisions in the January 2020 consent judgment. The trial court denied DeRiggs' motion, granted Dock's exception of res judicata, and ordered that all of the provisions of the January 2020 consent judgment, including those concerning relocation, were to remain in effect. A judgment was rendered on September 3, 2021. DeRiggs appealed this judgment, but the appeal was dismissed on June 16, 2021, after DeRiggs failed to file a timely brief.

Despite the trial court denying DeRiggs' request for sole custody and relocation, in September of 2021, she relocated the children to North Carolina. Upon discovering the minor children were no longer enrolled in school in Iberia Parish, Dock filed a Rule to Show Cause requesting sole custody of the minor children with DeRiggs having supervised visitation. The matter was assigned to a hearing officer, and a conference with the hearing officer was held on April 18, 2022. In the time between Dock's September 2021 filing and the hearing officer's conference on April 18, 2022, DeRiggs again relocated the children, in violation of the court's orders and Louisiana law, this time to New York State. After the April 18, 2022 conference, the hearing officer recommended joint custody, with Dock being designated the domiciliary parent and that DeRiggs' visitation be supervised "given her tendency to relocate the children to other states."

On April 19, 2022, DeRiggs filed an objection to the hearing officer's recommendations. In addition, on May 12, 2022, DeRiggs filed a Rule to Show Cause, seeking a determination of family violence in accordance with La.R.S. 9:364, based upon the protective order issued in December 2013. This filing was, in

3

essence, a second request to modify the January 2020 consent judgment because, *inter alia*, such a finding of family violence would entitle DeRiggs to relocation without requiring she give Dock notice. The trial court heard the matter on July 27, 2022. All of DeRiggs' testimony and evidence on the matter was proffered. The trial court denied DeRiggs' Rule to Show Cause seeking a determination of family violence. A judgment was rendered on October 8, 2022. DeRiggs appeals, alleging two assigned errors.

## ASSIGNMENTS OF ERROR

1. The trial court erred by denying Reasean Phylicia DeRiggs' [Rule to Show Cause] for the determination of a history of family violence to Louisiana Revised Statute 9:364.

2. The trial court erred by applying the Doctrine of Res Judicata at the hearing dated July 27, 2022.

## LAW AND DISCUSSION

I.    *Standard of Review*

This court, in *Joubert v. Joubert*, 19-187, pp. 5-6 (La.App. 3 Cir. 10/9/19), 283 So.3d 502, 505-06, stated:

> It is well established that in every instance relating to the custody of a child, the trial court's factual findings will not be disturbed in the absence of manifest error. *Guidry v. Guidry*, 07-1272 (La.App. 3 Cir. 3/5/08), 979 So.2d 603. The trial court is in a superior position to assess witness credibility and the best interests of the child after considering all of the testimony and evidence. *Id.* Accordingly, we will not disturb a custody award unless an abuse of discretion is clearly shown. *Id.*

A trial court's determination of domestic abuse is entitled to great weight and will not be disturbed on appeal absent a clear abuse of discretion. *Stewart v. Stewart*, 30,161 (La.App. 2d Cir. 1/21/98), 705 So.2d 802, *writ denied*, 98-0748 (La. 5/1/98), 718 So.2d 418.

4

A trial court's finding that there was no showing of a history of family violence requiring the application of the PSFVRA is subject to the manifest error standard of review. *Smith v. Smith*, 44,663 (La.App. 2 Cir. 8/19/09), 16 So.3d 643. When a history of family violence is proven, failure to apply the PSFVRA is legal error subject to de novo review. *Hicks v. Hicks*, 98-1527 (La.App 3 Cir. 5/19/99), 733 So.2d 1261.

II.     *Application of Res Judicata*

In her second assignment of error, DeRiggs contends that the trial court erred by applying the doctrine of res judicata at the hearing dated July 27, 2022. Although misguided, we address this assigned error first as it is the issue properly before this court.

"[A]ppellate courts review judgments, not reasons for judgment." *Bellard v. Am. Cent. Ins. Co.*, 07-1335, 07-1399, p. 25 (La. 4/18/08), 980 So.2d 654, 671; *See also,* La.Code Civ.P. art. 1918. In the case before us, the judgment of the trial court denied DeRiggs' rule to show cause why a determination of a history of family violence should not be adjudged. There is no language contained in the judgment indicating that this denial was due to application of the doctrine of res judicata. However, it is appropriate for this court to raise and sustain on our own motion an exception of res judicata. *See*, La.Code Civ.P. art. 927(B).

In this case, the record reflects that DeRiggs had multiple attempts to obtain a ruling that there is a history of family violence as contemplated by the PSFVRA because of the 2013 protective order. These attempts were made in order to preclude a custody award to Dock and/or exempt herself from the statutory notification requirements for relocation.

5

Here, DeRiggs' rule at issue specifically states "a judgment issuing an unexpired protective order was issued on December 20, 2013[,] and pursuant to Louisiana Revised Statute[s] 9:364 mover requests that this Honorable Court makes a determination of family violence." However, both the January 2020 consent judgment, as well as the November 2020 judgment denying DeRiggs' motion to modify custody, are res judicata as to DeRiggs' rule. La.R.S. 13:4231. While custody judgments are always subject to modification and never final, the narrow issue before us is whether those judgments preclude DeRiggs from seeking a history of family violence under the PSFVRA based upon the 2013 protective order. *See, Graugnard v. Graugnard*, 22-252 (La.App. 4 Cir. 6/9/22), 342 So.3d 1022, *writ denied*, 22-1083 (La. 9/20/22), 346 So.3d 802.

The 2020 consent judgment, wherein the parties agreed to joint custody, settled their custody dispute up until that time, and that necessarily includes any dispute as to whether the 2013 protective order or other allegations of family violence prior to the consent judgment would preclude Dock from being awarded custody at all under the PSFVRA. This consent judgment, or compromise, "precludes the parties from bringing a subsequent action based upon the matter that was compromised." *Graugnard*, 342 So.3d at 1027, *quoting*, La.Civ.Code art. 3080.

Similarly, DeRiggs clearly and unequivocally asserted in both her July 2020 rule seeking modification of the January 2020 consent custody judgment and on the record at the October 2020 hearing that she was seeking a modification of custody because the 2013 protective order entitled her to a determination of a history of family violence under the PSFVRA and therefore precluded an award of custody to Dock. The trial court's denial of that rule constitutes a final, and no longer appealable, determination concerning whether the 2013 protective order warrants a

6

finding of a history of family violence under the PSFVRA. *See*, La.Code Civ.P. art. 3943.

Given the above, we find that DeRiggs is precluded from seeking a history of family violence determination under the PSFVRA, now and in the future, based upon the 2013 protective order, as that issue has already been conclusively decided. Accordingly, this assignment of error is without merit.

III. *Post–Separation Family Violence Relief Act*

DeRiggs' first assigned error contends that the trial court erred by denying her motion for the determination of a history of family violence under La.R.S. 9:364. We found above that this issue has already been conclusively decided. Accordingly, this assigned error is pretermitted.

**CONCLUSION**

Reasean P. DeRiggs raises two assignments of error. The first is that the trial court erred by denying her Rule to Show Cause for the determination of a history of family violence by Casederall Dock, Jr. pursuant to La.R.S. 9:364. The second is that the trial court erred by applying the doctrine of res judicata at the hearing on the matter.

We find no indication that the trial court applied the doctrine of res judicata to this matter. However, it is clear from the record that that issue has already been conclusively decided as DeRiggs clearly and unequivocally asserted this issue in both her July 2020 rule seeking modification of the January 2020 consent custody judgment and on the record at the October 2020 hearing. The trial court's denial of those rules constitutes a final, and no longer appealable, determination concerning whether the 2013 protective order warrants a finding of a history of family violence,

7

under the PSFVRA. Thus, we find no error by the trial court in its denial of Reasean P. DeRiggs' request to find a history of family violence by Casederall Dock, Jr. We assess all costs of this appeal to Reasean P. DeRiggs.

**AFFIRMED.**

This opinion is NOT DESIGNATED FOR PUBLICATION.
Uniform Rules—Courts of Appeal, Rule 2-16.3.