827 So.2d 1186 (2002)
Frankie Lea BUCHANAN, Plaintiff-Appellee,
v.
Noel Keith LANGSTON, Defendant-Appellant.
No. 36,520-CA.
Court of Appeal of Louisiana, Second Circuit.
September 18, 2002.
*1187 Richard L. Fewell, Jr. West Monroe, for Appellant.
McLeod Verlander by Laurie J. Burkett, Monroe, for Appellee.
Before CARAWAY, PEATROSS & DREW, JJ.
PEATROSS, J.
This appeal arises from the trial court's judgment wherein the parental rights of Noel Keith Langston ("Noel"), father of CL, were suspended and a protective order was issued prohibiting him from coming into contact with his daughter, CL, until she attains the age of eighteen years. Noel now appeals. For the reasons stated herein, we affirm.

FACTS
CL was born on July 3, 1992, and has been diagnosed with Pervasive Developmental and Sensory Integration Disorder and Attention Deficit Hyperactivity Disorder. Although Noel and CL's mother, Frankie Lea Buchanan ("Frankie"), were never married, Noel acknowledged paternity in 1993 and has enjoyed limited visitation rights with CL since September 1993.
In September 1997, due to alcohol and drug problems, the trial court ordered that Noel's visitation with CL be supervised by his parents, Horace Langston ("Horace") and Mary Langston ("Mary"), at their house or another suitable location. The trial court specifically ordered that the visitation not take place in Noel's home.[1]
In April 1999, after CL returned from visiting Noel, Frankie noticed CL's body was covered with bruises. CL also told Frankie that she saw Noel strike Mary. On April 9, 1999, Frankie filed a motion to restrict Noel's visitation rights. After a hearing, the trial court ordered Noel to enroll in parenting and substance abuse classes. His visitation rights were further limited to two afternoons per month at the Office of Community Services.
In December 1999, after completing the court-ordered classes, Noel and Frankie entered into a Consent Agreement, wherein Noel's visitation rights were increased to two weekends per month. All visitations, however, were to be supervised and were to occur at the home of Horace and Mary or some other suitable location. The order specifically stated that the visitation *1188 was not to occur at Noel's home. Noel, however, took CL to his home on several occasions.
Shortly after the visitations resumed, CL began wetting the bed and having fits of anger. CL begged her mother to not make her go with Noel and she also told her teacher, Catherine Brent, that Noel was hurting her. In February 2000, CL started receiving counseling from Phyllis Taylor, a licensed professional counselor. Ms. Taylor ultimately concluded that CL had been sexually molested by Noel.
In March 2000, Frankie's mother, Shirley Buchanan, noticed that the vaginal area of CL was red and asked CL if anyone had touched her in that area. CL stated that Noel, Horace and Mary had touched her in that area. Frankie then took CL to Dr. Georgianna Burns, a pediatrician, who examined her. Dr. Burns discovered that CL's vaginal area was red and irritated and that she had a yeast infection. Dr. Burns reported her findings to Child Protection Services. At the direction of Child Protection Services, Dr. Meade O'Boyle, a pediatrician specially trained in sexual abuse, examined CL and concluded that she had been anally and vaginally molested. Dr. O'Boyle also testified that CL stated that "daddy, mamaw and papaw" had touched her in her "private areas" and given her a "bobo."[2]
In March 2000, Frankie filed a petition for domestic abuse assistance, seeking sole custody of CL, a temporary restraining order forbidding Noel, Horace or Mary from coming into contact with CL and a Louisiana Abuse Protective Order pursuant to La. Ch. C. art. 1570(F) and La. R.S. 46:2136. The temporary restraining order was subsequently granted and trial on the other matters was conducted on June 22, 2000, and August 28, 2001.[3]
At trial, Dr. Anne Springer (an expert retained by Noel), Dr. Meade O'Boyle, Dr. Georgianna Burns and Ms. Phyllis Taylor all agreed that CL had been sexually molested. Additionally, Dr. Bobby Stephenson, a psychologist appointed by the court to evaluate Noel, made the following findings:
1. That Noel's intelligence level was in the mild mentally handicapped range;
2. that there was a deficit in Noel's common sense judgment and his ability to understand what to do in everyday problem situations;
3. that Noel had feelings of personal and sexual inadequacy;
4. that Noel had a pattern of being dependent;
5. that Noel had difficulty controlling his anger;
6. that Noel had a significant alcohol and substance abuse problem; and
7. that Noel's prognosis with respect to substance abuse and lack of parenting skills would continue in the future.
The trial court found that Frankie had proven, by clear and convincing evidence, that CL had been sexually molested by Noel and ordered that the provisions of the Post Separation Family Violence Relief Act and La. R.S. 9:364 be invoked and that all of Noel's visitation rights be suspended. The trial court further ordered that Noel be enjoined and prohibited from coming into contact with CL until she attains the age of eighteen years and that proceedings *1189 to terminate the parental rights of Noel be commenced.
On appeal, Noel raises the following assignments of error:
1. The trial court erred in terminating his parental rights;
2. the trial court erred in suspending his visitation rights until CL attains the age of eighteen years; and
3. the trial court erred in granting sole custody of CL to Frankie.

DISCUSSION
We first note that, pursuant to La. Ch.C. Art. 1570(F), the trial court suspended, not terminated, Noel's parental rights in this case. The trial court did, however, order on its own motion that "termination of parental rights" proceedings be commenced against Noel, but the propriety of that ruling has not been raised on appeal.
A trial court's determination of child custody and domestic abuse is entitled to great weight and will not be disturbed on appeal absent a clear abuse of discretion. Stewart v. Stewart, 30,161 (La. App.2d Cir.1/21/98), 705 So.2d 802, writ denied, 98-0748 (La.5/1/98), 718 So.2d 418; Rouyea v. Rouyea, 00-2613 (La.App. 1st Cir.3/28/01), 808 So.2d 558. It is well settled that a court of appeal may not set aside a trial court's finding of fact in the absence of manifest error. Rosell v. ESCO, 549 So.2d 840 (La.1989).
A trial court must find by clear and convincing evidence that the parent has sexually abused the child before a parent's visitation rights are suspended because of allegations of sexual abuse. See State, In Interest of A.C., 93-1125 (La.10/17/94), 643 So.2d 743, cert. denied, 515 U.S. 1128, 115 S.Ct. 2291, 132 L.Ed.2d 292 (1995). After considering the testimony of Shirley, Frankie, Ms. Brent and the many experts who testified in this case, the trial court found by clear and convincing evidence that Noel had sexually abused CL. Based on the evidence contained in this record, we find that the trial court did not commit manifest error in reaching that conclusion.
We next discuss whether or not the trial court erred in suspending Noel's visitation rights until CL attains the age of eighteen years. The Domestic Abuse Assistance Act, contained in La. R.S. 46:2131, et seq., in pertinent part, states the following:
Any final protective order or approved consent agreement shall be for a fixed period of time, not to exceed eighteen months, and may be extended by the court, after a contradictory hearing, in its discretion. Such protective order or extension thereof shall be subject to a devolutive appeal only.
La. R.S. 46:2136(F). A trial court, however, is not limited to the preceding section because "[t]he granting of any relief authorized under ... [The Domestic Abuse Assistance Act] shall not preclude any other relief authorized by law." La. R.S. 46:2139.
The State has a compelling interest in protecting children from sexual abuse. Globe Newspaper Co. v. Superior Ct. for Norfolk County, 457 U.S. 596, 102 S.Ct. 2613, 73 L.Ed.2d 248 (1982). In Louisiana, the Legislature adopted the Post-Separation Family Violence Relief Act (PSFVRA) to help protect children from sexual abuse. La. R.S. 9:361, et. seq. The PSFVRA was designed to protect children who are sexually abused by members of their own family. Through the PSFVRA, the Legislature has expressed that the best interests of the child would best be served by suspending the abusive parent's visitation pending that parent's completion of a program designed to inhibit further abuse. Folse v. Folse, 98-1976 (La.6/29/99), 738 *1190 So.2d 1040. The PSFVRA provides relief similar to that found in the Domestic Abuse Assistance Act. This court has held that, if there is a history of family violence, a trial court must apply the provisions of the PSFVRA and that failure to do so would result in reversible legal error. See Lewis v. Lewis, 34,031 (La.App.2d Cir.11/3/00), 771 So.2d 856. The PSFVRA, in pertinent part, provides the following:
* * *
C. If the court finds that a parent has a history of perpetrating family violence, the court shall allow only supervised child visitation with that parent, conditioned upon that parent's participation in and completion of a treatment program. Unsupervised visitation shall be allowed only if it is shown by a preponderance of the evidence that the violent parent has completed a treatment program, is not abusing alcohol and psychoactive drugs, and poses no danger to the child, and that such visitation is in the child's best interest.
D. If any court finds, by clear and convincing evidence, that a parent has sexually abused his or her child or children, the court shall prohibit all visitation and contact between the abusive parent and the children, until such time, following a contradictory hearing, that the court finds, by a preponderance of the evidence, that the abusive parent has successfully completed a treatment program designed for such sexual abusers, and that supervised visitation is in the children's best interest.
La. R.S. 9:364. The trial court in the case sub judice found that Noel had perpetrated the sexual abuse of CL and it applied the provisions of the PSFVRA prior to suspending Noel's visitation rights until CL attains the age of eighteen years. We find that the trial court correctly applied the provisions of that act prior to entering a final order because the language of Subsection 364(D) contemplates an interim protective order, as evidenced by the language "until such time, following a contradictory hearing."
Furthermore, a trial court is not limited to the remedies contained in the PSFVRA in fashioning a final remedy, as evidenced by the following statute:
This Part shall in no way affect the remedies set forth in R.S. 46:2131 through 2142, the Criminal Code, the Children's Code, or elsewhere; however, the court, in any case brought under R.S. 46:2131 et seq., may impose the remedies provided herein.
La. R.S. 9:368. The trial court in this case fashioned its remedy pursuant to the following article contained in the Louisiana Children's Code:
Any final protective order or approved consent agreement shall be for a fixed period of time, not to exceed six months, and may be extended by the court, after a contradictory hearing, in its discretion. When such order or agreement is for the protection of a child under the age of eighteen who has been sexually molested, the period shall last at least until the child attains the age of eighteen years, unless otherwise modified or terminated following a contradictory hearing. Such protective order or extension thereof shall be subject to a devolutive appeal only.
La. Ch.C. art. 1570(F). The trial court found by clear and convincing evidence that CL had been sexually abused by Noel. Accordingly, La. Ch.C. art. 1570(F) left the trial court with no discretion, mandating that the protective order "shall last at least until the child attains the age of eighteen years." We find, therefore, that this assignment of error is without merit.
In his last assignment of error, Noel argues that the trial court erred in granting sole custody of CL to Frankie. *1191 Noel, however, fails to brief this assignment of error; and, therefore, pursuant to the Uniform Rules, Court of Appeal, Rule 2-12.4, we find that this assignment of error has been abandoned. See also State ex rel. R.C. v. Clarke, 33,023 (La.App.2d Cir.10/27/99), 743 So.2d 843; Knotts v. Snelling Temporaries, 27,773 (La.App.2d Cir.12/6/95), 665 So.2d 657.

CONCLUSION
For the foregoing reasons, the judgment of the trial court against Defendant, Noel Keith Langston, is affirmed. Costs of this appeal are assessed to Defendant, Noel Keith Langston.
AFFIRMED.
NOTES
[1] Noel's home was a mobile home that had been damaged by fire and was not suitable for the visitations.
[2] "Mamaw" and "papaw" are Mary and Horace, respectively. The allegations against Horace and Mary were discounted by Ms. Taylor and are not issues in this appeal.
[3] On April 9, 2001, Noel filed a Motion to Reinstate Visitation. That motion was also heard and denied on August 28, 2001.