| EDWARD A. DUFRESNE, JR., Chief Judge.
In this appeal, T.D.M., the biological mother of S.D.K. and K.D.K., challenges the trial court’s ruling returning the legal custody of the minor children to their biological father, A.K. For the reasons which follow, we affirm the trial court judgment.
In 1999, after protracted litigation, an Alabama Family Court granted legal custody of the children to their biological father, A.K., who presently lives in St. Charles Parish. The biological mother, T.D.M., who lives in Alabama, was given visitation rights. On May 3, 2002, T.D.M. picked up the children in Louisiana for her regular visitation. Sometime after picking them up, T.D.M. realized that her son, S.D.K., had bruises on his body. On May 4, 2002, she took him to Dr. Smalley for an examination. Dr. Smalley observed multiple bruises on S.D.K’s body that were consistent with the child’s statement of physical abuse by his father and stepmother, D.K. Following these allegations of abuse, the children were immediately placed in state custody in Alabama.
| ¡.Thereafter, on May 7 and 8, 2002, the Alabama Lee County Court conducted an emergency hearing and determined that S.D.K. had, in fact, been physically abused, and that such abuse occurred while the child was in the custody of his father. The Alabama Court ordered that the custody of the children be transferred from the Lee County Department of Human Resources to the appropriate agency in Louisiana. In accordance with that order, the children were subsequently transported to St. Charles Parish, and were placed in the custody of the State of Louisiana through the Department of Social Services, Office of Community Services.
On June 7, 2002, the St. Charles Parish District Attorney filed a petition, pursuant to LSA-Ch.C. art. 631 et seq., seeking to have the two minor children adjudicated to be in need of care. After a hearing, the court adjudicated the children to be in need of care, pursuant to LSA-Ch.C. art. 666, and maintained the custody of the children with the state through the Office of Community Services. In its August 2, 2002 written judgment, the court noted as follows:
The Court finds that reasonable grounds exist that the children, S.K. and K.K., are children in need of care due to physical abuse, and further that there existed substantial, immediate danger to the health, safety and welfare of the children which precluded reasonable efforts to be made as an alternative to removal from the home, specifically, the child, S.K., suffered physical injury as the result of beatings which occurred while in the home of the father, A.K., perpetrated by A.K. or D.K., or both. The Court further finds that the mother of the children, T.D., has experienced a history *889 of instability and has previously lost custody of the children to the father after protracted litigation. The mother also has a history with the Lee County Department of Human Resources in Alabama for failure to adequately supervise her children and inappropriate housing. The Court further finds that it is necessary and appropriate to adjudicate the children in need of care and that return of the children to the home of either parent would be contrary to their health, safety, welfare and best interest.
Thereafter, A.K. and D.K. began participation in the services recommended in the case plan by the Office of Community Services, and on November 15, 2002, |athe two children were placed back in the home of their father on a trial basis. On November 22, 2002, the court conducted a disposition hearing pursuant to LSA-Ch.C. art. 678 et seq. After considering the evidence presented, the trial judge determined that the children should remain in the continued legal custody of the state. The court also approved the case plan submitted by the Department of Social Services finding it to be consistent with the health and safety of the children and in the best interest of the children. The court further found that the father had completed the necessary counseling pursuant to LSA-R.S. 9:364.
On May 12, 2003, the court conducted a permanency hearing pursuant to LSA-Ch.C. art. 702. After considering the evidence presented, the trial court entered the following findings:
First, the father in this particular matter, A.K., and his current wife have cooperated with the Department of Social Services in this investigation.
Second, Mr. A.K. has completed anger management classes and parenting classes, through the Kingsley Preservation Services, and the parenting class through the Children’s Hospital parenting classes.
Additionally, his current wife has engaged in this and continues to be engaged in anger management classes. Fourth, I find based on the evidence that I have heard that the children are not currently in any danger in their placement in the father’s home at this time.
I don’t know whether or not Revised Statute 9:364 applies to a child in need of services or OCS proceedings. However, if it does, in my opinion, the father’s completion of the anger management classes and the parenting classes satisfies the requirements of 9:364.
Based on these findings, the court returned legal custody of the children to father, with no further supervision by the Department of Social Services. In addition, the court noted that the custody of the father and the visitation by the mother shall be governed by the previous judgments of the Alabama Family Court. It is from this judgment that the biological mother now appeals.
T.D.M. asserts that the trial court erred in returning the legal custody of the two minor children to their father based on the provisions of the PosNSeparation | ¿Family Violence Relief Act, LSA-R.S. 9:361 et seq. To support her argument, T.D.M. specifically cites to LSA-R.S. 9:364 which states, in part, as follows:
A. There is created a presumption that no parent who has a history of perpetrating family violence shall be awarded sole or joint custody of children. The court may find a history of perpetrating family violence if the court finds that one incident of family violence has resulted in serious bodily injury or the court finds more than one incident of family violence. The *890 presumption shall be overcome only by a preponderance of the evidence that the perpetrating parent has successfully completed a treatment program as defined in R.S. 9:362, is not abusing alcohol and the illegal use of drugs scheduled in R.S. 40:964, and that the best interest of the child or children requires that parent’s participation as a custodial parent because of the other parent’s absence, mental illness, or substance abuse, or such other circumstances which affect the best interest of the child or children. The fact that the abused parent suffers from the effects o£the abuse shall not be grounds for denying that parent custody.
Relying on this statute, T.D.M. asserts, in her appellate brief, that “the record is basically void of a preponderance of the evidence that the perpetrating parent has successfully completed a treatment program as defined in R.S. 9:362, is not abusing alcohol and the illegal use of drugs.”[1] She argues that, absent this evidence, it was reversible error for the trial court to return the legal custody of the children to their father.[2] We find no merit to the arguments raised by T.D.M.
First, we note that it is unlikely that the provisions of the Post-Separation Family Violence Relief Act apply to the instant child in need of care proceedings. The Act is contained in Title 9 of the Louisiana Revised Statutes, under Chapter 1, pertaining to divorce. LSA-R.S. 9:361 specifically addresses the issues of child custody and visitation and how they are affected by family violence during legal separation and divorce. That article states:
|fi... The legislature further finds that the problems of family violence do not necessarily cease when the victimized family is legally separated or divorced. In fact, the violence often escalates, and child custody and visitation become the new forum for the continuation of abuse. Because current laws relative to child custody and visitation are based on an assumption that even divorcing parents are in relatively equal positions of power, and that such parents act in the children’s best interest, these laws often work against the protection of the children and the abused spouse in families with a history of family violence. Consequently, laws designed to act in the children’s best interest may actually effect a contrary result due to the unique dynamics of family violence.
From a review of the Act as well as the case law, the apparent legislative in *891 tent in creating the Act was to protect victimized parties when domestic disputes arise in the course of separation and divorce. In State, DSS in Interest of A.D., 628 So.2d 1288 (La.App. 3 Cir.1993), the Third Circuit discussed the applicability of the Post-Separation Violence Act to child in need of care proceedings. In that case, the state attempted to use the act to deny visitation between the children in need of care and the father accused of sexually abusing them. After an analysis of the history of the act and its precedent articles, the court noted, “By implication, the statute applies only in situations where the State is not involved and the custody of the children is given to one of the parents.” 628 So.2d at 1291. Moreover, LSA-R.S. 9:368 provides that “[t]his Part shall in no way affect the remedies set forth in ... the Children’s Code, or elsewhere.... ” The Louisiana Children’s Code provides very specific and strict procedures for the state to follow when bringing a child in need of care case.
However, even if the provisions of the Post-Separation Family Violence Relief Act are deemed applicable, we find, as did the trial judge, that A.K. met the requirements as contemplated by the Act. In the present case, the Office of Community Services developed a case plan for the children with the goal of reunification with the father. To achieve that goal, the Office of Community Services recommended that Mr. and Mrs. King participate in family therapy, and |fithat Mrs. King participate in anger management therapy. The father and stepmother also underwent a psychological evaluation with Dr. Rafael Salcedo who recommended anger management and family therapy. The record is clear that the father and the stepmother were very cooperative with the Office of Community Services and completed all the services that were recommended for them, including parenting classes, anger management therapy, and in-home family therapy. In addition, D.K. continued with her therapy even after completion of the case in the trial court.
Based on the foregoing discussion, we find that the trial judge did not err, under either the provisions of the Children’s Code or the Post-Separation Family Violence Relief Act, in returning the legal custody of the children to the father. Accordingly, the judgment appealed from is affirmed.

AFFIRMED.

. In the district court proceedings, there were no concerns raised about substance abuse on the part of the father. The main issue addressed throughout the hearings was the physical abuse of S.D.K. The first mention of substance abuse occurred at the end of the permanency placement hearing when the mother's attorney requested that a drug test be performed on the father prior to a final determination by the judge. This request was based on some information contained in Dr. Salcedo’s psychological evaluation of the father. Since the issue of substance abuse was not litigated in the district court, we will not address the mother's argument that the record is void of evidence that A.K. is not abusing alcohol or illegal drugs.

. T.D.M. cites Lewis v. Lewis, 34,031 (La.App. 2 Cir. 11/3/00), 771 So.2d 856, to support her position that failure to apply the act in cases involving family violence was reversible error. In Lewis, the court stated, should a history of family violence be proven to exist, such that application of the Post-Separation Family Violence Relief Act is mandated, failure to apply the act is reversible legal error. We do not dispute those findings, but note that the case is distinguishable. The Lewis case is a civil domestic dispute, and not a child in need of care proceeding.